655 P.2d 96

STATE of Idaho, Plaintiff-Respondent,

v.

Robert VANKEUREN, Defendant-Appellant.

No. 13860.

Court of Appeals of Idaho.

Dec. 7, 1982.

Frederick G. Loats of Nordlof & Loats, Coeur d'Alène, for defendant-appellant.

David H. Leroy, Atty. Gen., Lance D. Churchill, Myrna A.I. Stahman, Deputy Attys. Gen., Boise, for plaintiff-respondent.

SWANSTROM, Judge.

Robert VanKeuren, a volunteer fireman, admitted to having set six blazes in the Post Falls area. He was convicted of one count of first degree arson and has appealed. VanKeuren contends that the district court failed to follow the requirements of former I.C. §§ 18–211 and 18–213, which were applicable to the defense of mental disease or defect.[1] He also asserts that the court's ex parte appointment of a second psychiatrist denied him due process of law. In affirming the conviction, we reject both these contentions.

Soon after being charged with the crime, VanKeuren filed a notice of intent to rely on the defense of mental disease or defect. Pursuant to I.C. § 18–211, the district court directed the Department of Health & Welfare to appoint an examining psychiatrist. The department appointed Dr. Gordon Edgren, who sent a report back to the court. Though somewhat ambiguous, this report was generally favorable to the defense, and VanKeuren's attorney filed a motion for a judgment of acquittal. The court, however, did not rule on this motion immediately. Soon after the motion had been filed, both parties stipulated to continuing the trial date because the psychiatrist's report was ambiguous and needed clarification. VanKeuren's attorney wrote to Dr. Edgren to seek clarification of the report. The doctor responded, in a letter to the attorney, that in his opinion VanKeuren lacked the substantial capacity at the time of the crime to conform his conduct to the requirements of the law. VanKeuren's attorney, however, apparently did not forward a copy of this letter either to the court or to the prosecuting attorney.

The prosecuting attorney moved for the appointment of a second psychiatrist. The court granted this motion without giving notice to VanKeuren's attorney or allowing VanKeuren to contest the appointment at that time. The second report, made by Dr. James Kilgore, was unfavorable to VanKeuren. At a hearing several days prior to trial, the district court denied VanKeuren's motion for appointment of a third psychiatrist. Because the two psychiatrists' reports conflicted, the court denied VanKeuren's motion for a judgment of acquittal. At trial the court also denied a motion by VanKeuren to exclude testimony by Dr. Kilgore because of the procedure by which Dr. Kilgore had been appointed.

VanKeuren first suggests that the district court erred by failing to hold a hearing and to issue a ruling immediately after he filed his motion for a judgment of acquittal. Relying upon I.C. §§ 18–211 and 18–213, he asserts that the district judge, in failing to make a ruling once he had Dr. Edgren's complete report before him, did not follow the intent or the procedure outlined by the statutes. The thrust of this argument is that the court should not have allowed the case to go to trial, but should have entered a judgment of acquittal based upon Dr. Edgren's report. We discern no merit in this argument.

■ Idaho Code § 18–213 only required the court to enter a judgment of acquittal:

1. Idaho Code § 18–213 was repealed by Session Laws 1982, chapter 368 § 1, effective July 1, 1982. Under I.C. § 18–207, which replaced

I.C. § 18–213, mental condition is no longer a defense to any charge of criminal conduct.

[i]f the report ... finds that the defendant at the time of the criminal conduct charged suffered from a mental disease or defect which substantially impaired his capacity to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of the law, and the court ... is satisfied that such impairment was sufficient to exclude responsibility. ...

In this case, the report Dr. Edgren initially filed did not contain such a finding. The report concluded:

Mr. VanKeuren is capable of understanding the proceedings against him and is able to assist in his own defense. Although able to appreciate the wrongfulness of his conduct, his inner conflicts did impair his reasoning and judgment at the time of the criminal act. Therefore, psychiatrically the deep emotional conflicts did effect [sic] his ability to conform his conduct to the requirements of the law.

Both the prosecuting attorney and VanKeuren's own attorney recognized that Dr. Edgren's report was ambiguous and therefore stipulated to a continuance of the trial date to clarify the findings of the psychiatrist. Given the ambiguity of the report, and given VanKeuren's attorney's recognition of that fact, it is clear to us that the court did not violate I.C. § 18–213 in failing to rule immediately on VanKeuren's motion or in failing to enter a judgment of acquittal based on the report. Moreover, we find nothing in I.C. § 18–211 that would have required the court to enter a judgment of acquittal under these circumstances.

■ Similarly, we find nothing in I.C. § 18–211 that prohibited the court from appointing a second psychiatrist. That section provides in part:

Whenever the defendant has filed a notice of intention to rely on the defense of mental disease or defect excluding responsibility or there is ... reason to believe that mental disease or defect of the defendant will otherwise become an issue in the cause, the court shall appoint *at least one* (1) qualified psychiatrist or shall request the director of the department of health and welfare to designate *at least one* (1) qualified psychiatrist to examine and report upon the mental condition of the defendant. [Emphasis added.]

In this case VanKeuren's alleged mental disease was the central issue in the case. Given the ambiguity of the first psychiatrist's report, the court had every right to appoint a second psychiatrist to gain additional information upon which to evaluate VanKeuren's claim. The statute provides that the court must appoint at least one qualified psychiatrist. It does not limit the number who may be appointed. This is left to the discretion of the court. Under the circumstances of this case, we do not believe the court abused its discretion by appointing a second psychiatrist.

■ Likewise, we do not believe that the court's appointment of a second psychiatrist upon motion of the prosecutor in an ex parte proceeding abridged VanKeuren's right to due process of law. In trying to show a due process violation, VanKeuren relies on *State v. Crawford,* 99 Idaho 87, 577 P.2d 1135 (1978). The court there stated:

The essence of due process "includes a right of both defendants and their counsel to be present at all stages of the trial from arraignment to verdict and discharge of the jury" if "absence could, under some set of circumstances, be harmful." *Polizzi v. United States,* 550 F.2d 1133, 1137–38 (9th Cir.1976).

99 Idaho at 95, 577 P.2d at 1143. The facts in this case, however, are quite different from those to which the court in *Crawford* applied this rule.

In *Crawford* the trial court initially had granted the defendant's pretrial motion that he be allowed to appear at trial without having to wear manacles and leg irons. Then, based upon the motion of the prosecutor—made ex parte without notice to either the defendant or his attorney—the court revoked its earlier order. Contrary to the expectation of defense counsel, when the trial began, the defendant appeared in the courtroom shackled and chained and accompanied by armed guards. The defendant moved for a mistrial, but the court

892

denied the motion. Because the defendant had been given no opportunity to contest the trial court's order, the Supreme Court held that the defendant was entitled to a new trial.

In *Crawford* the Supreme Court recognized that the appearance of the defendant at trial in shackles and chains had an adverse impact upon the presumption of innocence, which might have affected the outcome of the trial. Accordingly, the failure to give the defendant a chance to contest the prosecutor's ex parte motion was held to constitute a denial of procedural due process.

In this case the decision to appoint a second psychiatrist was likewise made after an ex parte application. But here the similarity with *Crawford* ends. In this case, unlike *Crawford,* VanKeuren could have sought relief from the district court's order by moving to vacate Dr. Kilgore's appointment before actually submitting to the second examination. In addition, he could—and did—move to prohibit Dr. Kilgore from testifying at trial. In *Crawford,* these procedural steps were not available. Once Crawford appeared before the jury in shackles and chains, the deprivation of due process had occurred.

Moreover, the appointment of a second psychiatrist did not in itself in any way endanger VanKeuren's right to obtain a fair trial. When the second appointment was made, neither the court nor the prosecuting attorney could have known what the outcome of the examination would be. The second report could have been favorable to the defendant. There is nothing in the record to indicate that Dr. Kilgore was prejudiced or unqualified. VanKeuren had a complete opportunity to cross-examine him at trial. As earlier noted, it was clearly within the discretion of the trial court to appoint more than one psychiatrist. The second appointment was justified given the ambiguity of the first psychiatrist's report. Considering all the circumstances of this case, we hold that no deprivation of due

process occurred when the second psychiatrist was appointed.

The judgment of conviction is affirmed.

WALTERS, C.J., and BURNETT, J., concur.